UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**LINDA KATE KEENEY PASSANITI**            DOCKET NO. 5:16-CV-281; SECTION "P"

**VERSUS**                                  JUDGE HICKS

**JAMES ROGERS**                            MAGISTRATE JUDGE HAYES

REPORT AND RECOMMENDATION

Petitioner Linda Kate Keeney Passaniti (#611850) filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana Correctional Institute for Women in St. Gabriel, Louisiana. Petitioner challenges her criminal conviction of second-degree murder, conspiracy to commit second-degree murder, and forgery, which was obtained in the 1st Judicial District Court, Caddo Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

According to the Louisiana Second Circuit Court of Appeal, Petitioner was convicted of being a principal to second degree murder (Count 1); conspiracy to commit second degree murder (Count 2); and three counts of being a principal to forgery (forgeries of a financial power of attorney, a health care power of attorney, and a will) (Counts 3, 4, 5). See State v. Passaniti, 49,075 (La. App. 2 Cir. 6/27/14), 144 So. 3d 1220, 1222, writ denied, 2014-1612 (La. 3/6/15), 161 So. 3d 14.

Petitioner's motion for post-verdict judgment of acquittal and new trial were denied. (Doc. 10, p. 1). She was sentenced to consecutive sentences of life imprisonment at hard labor as to count 1; thirty years at hard labor as to count 2; and ten years at hard labor as to counts 3, 4, and 5. (Doc.

10, p. 1-2).

Petitioner appealed, setting forth two assignments of error: insufficient evidence and excessive sentence. Id. On June 27, 2014, the appellate court affirmed the conviction and sentences. Id. Petitioner filed a writ application in the Louisiana Supreme Court, which was postmarked on Monday, July 28, 2014, and received on July 29, 2014. (Doc. 1, p. 33). Petitioner raised the same two assignments of error that were raised in the Second Circuit Court of Appeal. The Louisiana Supreme Court denied writs on March 6, 2015. See State v. Passaniti, 2014-1612 (La. 3/6/15), 161 So. 3d 14.

Petitioner did not seek further review in the United States Supreme Court. Thus, for AEDPA purposes, Petitioner's one-year limitations period for filing a § 2254 petition began on June 6, 2015, 90 days after the Louisiana Supreme Court denied writs. She filed the instant petition on February 29, 2016.

Petitioner did not file an application for post-conviction relief in state court. She initially indicated to this Court that she planned on seeking post-conviction relief as to claims of ineffective assistance of counsel and actual innocence. (Doc. 1).

Thus, Petitioner presented this Court with a "mixed" § 2254 petition. Petitioner sought to stay the matter pending exhaustion. The Court found that Petitioner did not meet the factors set forth under Rhines v. Weber, 544 U.S. 269, 277 (2005), and was not entitled to a stay. (Doc. 13).

Petitioner was provided the option of dismissing her unexhausted claims and proceeding with only the exhausted claims,[1] or having the entire petition dismissed without prejudice. **Petitioner has**

---

[1] Petitioner is put on notice that, if she dismisses the unexhausted claims at this time, she may be precluded from bringing those claims in the future. Specifically, the law with respect to successive petitions requires a petitioner to obtain authorization from the appropriate court of appeals before filing a second or successive petition.

**opted to proceed with only her exhausted claims: (1) insufficient evidence and (2) excessive sentence.** (Doc. 30).

Because Petitioner has opted to proceed with only her exhausted claims following this Court's previous order (Doc. 13), **IT IS RECOMMENDED** that her unexhausted claims: ineffective assistance of counsel and actual innocence, be **DENIED** and **DISMISSED** for failure to exhaust. See 28 U.S.C. § 2254(b)(1)(A). Petitioner's exhausted claims will be served on Respondent in accordance with a separate court order.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

---

28 U.S.C. § 2244(b)(3)(A), provides in pertinent part, "[b]efore a second or successive application permitted by this section [28 U.S.C. § 2254] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

**Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

**THUS DONE AND SIGNED**, in chambers, at Monroe, Louisiana, on this 7th day of February, 2017.

Karen L. Hayes
United States Magistrate Judge